IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| SARAH A., | : Case No. 1:21cv-599 |
| Plaintiff, | : Judge Matthew W. McFarland |
| v. | : |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 9)**

The Court has reviewed the Report and Recommendation of United States Magistrate Judge Stephanie K. Bowman (Doc. 9), to whom this case is referred pursuant to 28 U.S.C. § 636(b). Sarah A. brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Defendant Commissioner of Social Security's determination that she is not disabled and, therefore, not entitled to Social Security disability benefits. On August 22, 2022, United States Magistrate Judge Stephanie K. Bowman entered a Report and Recommendation (Doc. 9), recommending that the Commissioner's Decision be affirmed. Plaintiff subsequently filed her Objection to the Report and Recommendation (Doc. 10), and the Commissioner responded (Doc. 11). This matter is, therefore, ripe for review.

In June 2019, Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Benefits. The Administration denied Plaintiff's claim initially and

upon reconsideration. She was then granted an evidentiary hearing before an Administrative Law Judge ("ALJ"). The ALJ subsequently issued an adverse written decision, concluding that Plaintiff is not disabled. This appeal followed.

As required by 28 U.S.C. § 636(b) and the Federal Rules of Civil Procedure Rule 72(b), the Court has made a de novo review of the record in this case. The Magistrate Judge recommended that this Court affirm the Commissioner's decision because it was supported by substantial evidence. Specifically, "the ALJ's findings . . . were well within the zone of reasonable choices" because the evidence on record supported "[the ALJ's] conclusion that Plaintiff was not disabled within the meaning of the Social Security Act." (Report and Recommendation, Doc. 9, Pg. ID 1833.)

Petitioner objects to the Report and Recommendation for several reasons. First, Plaintiff contends that the ALJ and Magistrate Judge erred in adopting an "illegal analysis" employed by the state agency consultants who conducted an evaluation of Plaintiff's alleged disability. (Objections, Doc. 10, Pg. ID 1838.) Second, Plaintiff argues that both the ALJ and Magistrate Judge used an improper definition of "superficial" workplace interactions because they failed to consider both the quality and quantity of such contact in an unskilled, entry-level job. (*Id.*) Finally, Plaintiff challenges both the ALJ and Magistrate Judge's evaluation of Plaintiff's subjective reports because they did not consider her subsequent treatment for her "nerves." (*Id.*)

As an initial matter, Plaintiff's objections largely consist of reiterations of the arguments set forth in her Statement of Specific Errors (Doc. 5), which were thoroughly and properly addressed and rejected by the Magistrate Judge. These general objections

are not sufficient to preserve any issues for review, as rehashing the same arguments made previously defeats the purpose and efficiency of the Federal Magistrate's Act, 28 U.S.C. § 636. *Gilmore v. Russian*, No. 2:16-cv-1133, 2017 WL 2633524, at *1 (S.D. Ohio June 19, 2017) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effect as would a failure to objection."). Plaintiff otherwise fails to demonstrate any factual or legal error by the Magistrate Judge in her review of the ALJ's decision.

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). It is "less than a preponderance but more than a scintilla." *Id*.

As discussed by the Magistrate Judge, the ALJ's findings are supported by substantial evidence, such as medical records and testimony. In addressing Plaintiff's arguments, the Magistrate Judge found that the ALJ employed a proper analysis of "superficial" workplace contacts, accounting for "both the quantity and quality of interactions Plaintiff could have in the workplace." (Report and Recommendation, Doc. 9, Pg. ID 1828.) Moreover, the Magistrate Judge stated that "the ALJ properly determined that Plaintiff's subjective allegations of severe and persistent mental symptomatology were undermined by the varying mental status exam findings." (*Id.* at 1830.) Here, even if some evidence may point to a contrary conclusion, this Court must defer to the

Commissioner's decision so long as substantial evidence supports it. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). As articulated by the Magistrate Judge, the ALJ complied with Agency Regulations and controlling law. Again, addressing Plaintiff's argument, the ALJ properly considered the consultant's evaluation because the consultants "appropriately followed the sequential evaluation used in disability claims." (Report and Recommendation, Doc. 9, Pg. ID 1826.)

Accordingly, the Court finds that Plaintiff's Objections are not well-taken and are thus **OVERRULED**. The Court **ADOPTS** the Report and Recommendation (Doc. 9) in its entirety and **FINDS** that Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE** and, therefore, **AFFIRMED**. Thus, this case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*
JUDGE MATTHEW W. McFARLAND

4